

U.S. Department of Justice

United States Attorney
Eastern District of New York

ZA/WMN  
F. #2011R01655

271 Cadman Plaza East  
Brooklyn, New York 11201

April 11, 2014

By Hand and ECF

The Honorable John Gleeson  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

   Re: United States v. Lawal Babafemi  
     Criminal Docket No. 13-109 (JG)

Dear Judge Gleeson:

   The government respectfully submits this response to the defendant's letter motion, dated April 7, 2014, seeking to unseal transcripts related to the empanelment of the grand jury in this matter. For the reasons set forth below, the government respectfully requests that the defendant's motion be denied.

   "There is a strong policy in favor of maintaining the secrecy of grand jury proceedings." United States v. Azad, 809 F.2d 291, 294 (6th Cir. 1987). Therefore, disclosure of grand jury proceedings is permitted only upon a showing of a "compelling necessity" and "particularized need." Azad, 809 F.2d at 295; United States v. Lisinski, 728 F.2d 887, 893 (7th Cir. 1984). The Supreme Court has "consistently construed [Federal Rule of Criminal Procedure 6(e)] to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). "[T]he burden is on the party seeking disclosure to show a 'particularized need' that outweighs the need for secrecy." United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1978); see also Dennis v. United States, 384 U.S. 855 (1966); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (2d Cir. 1959). Grand jury proceedings are subject to a "presumption of regularity." Hamling v. United States, 418 U.S. 87, 139 n. 23 (1974); United States v. Calandra, 414 U.S. 338, 345

(1974); <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956); <u>United States v. Torres</u>, 901 F.2d 205, 232 (2d Cir. 1990); <u>United States v. Ciambrone</u>, 601 F.2d 616, 623 (2d Cir. 1979).

   Here, the requisite "particularized need" proffered by the defendant is his desire to move to dismiss the indictment against him on the basis that the grand jurors were not instructed as to their ability to nullify the law. Specifically, he claims that if the grand jurors in this matter (a) were not instructed that they were prohibited "from considering the wisdom of the laws and the issue of punishment," (b) were not instructed that their "discretion to decline to indict in the presence of probable cause" was unlimited, and/or (c) were provided instructions from prosecutors "regarding their role and duties," the indictment must be dismissed. Def. Ltr. at 1. Because the legal arguments for dismissal of the indictment that the defendant seeks to obtain the transcripts in order to make have been soundly rejected by the federal courts, they cannot support a finding of a "particularized need" in this case, nor can the defendant demonstrate that the grand jury material "is needed to avoid a possible injustice in [this] judicial proceeding." <u>Douglas Oil</u>, 441 U.S. at 222.

   Firstly, with respect to grand jurors being instructed to consider the wisdom of the laws, the Court of Appeals for the Ninth Circuit, sitting <u>en banc</u>, stated as follows:

> We know of no English or American practice to advise grand juries that they may stand in judgment of the wisdom of the laws before them. Indeed, there is strong evidence to support the . . . instruction [that grand jurors may not judge the wisdom of the laws]. . . . If a grand jury can sit in judgment of wisdom of the policy behind a law, then the power to return a no bill in such cases is the clearest form of 'jury nullification.' The 'wisdom of the laws' might also refer to a broader power of substantive constitutional review – the power to determine that the law is unconstitutional, and, therefore, void. . . . We doubt that the grand jury is particularly well suited to make either of these judgments. . . . [T]he grand jury has few tools for informing itself of the policy or legal justification for the law; it receives no briefs or arguments from the parties. The grand jury has little but its own visceral reaction on which to judge the 'wisdom of the law.'

<u>United States v. Navarro-Vargas</u>, 408 F.3d 1184, 1198-99 (9th Cir. 2005) (<u>en banc</u>); see also <u>United States v. Knight</u>, 490 F.3d 1268, 1272 (11th Cir. 2007) ("We follow <u>Navarro-Vargas</u> because its reasoning is sound.").

   Similarly, the notion that the Constitution requires grand jurors to be instructed that their "discretion to decline to indict in the presence of probable cause" is not limited has no basis in the law. In <u>Navarro-Vargas</u> and <u>Knight</u>, the two Circuit Courts to have considered this issue – the Ninth and Eleventh, respectively – held that it was proper for grand jurors to be instructed that they "should" indict if they found probable cause. <u>Navarro-</u>

Vargas, 408 F.3d at 1204-06; Knight, 490 F.3d at 1272. The Ninth Circuit found that the "instruction [did] not violate the grand jury's independence." Navarro-Vargas, 408 F.3d at 1204. "Even assuming that the grand jury should exercise something akin to prosecutorial discretion, the instruction does not infringe upon that discretion . . . . [T]he grand jury has even greater powers of nonprosecution than the executive because there is, literally, no check on a grand jury's decision not to return an indictment. . . . It is the grand jury's position in the constitutional scheme that gives it its independence, not any instructions that a court might offer." Id. 1205-06. Even if grand jurors are permitted to decline to indict in the presence of probable cause, and hence granted the power to "nullify," that power "is just that – a power; it is by no means a right or something that [should be encouraged]." United States v. Thomas, 116 F.3d 606, 615 (2d Cir. 1997).

As for the notion that it would be error for a grand jury to be instructed not to consider the issue of just punishment in deciding whether or not to indict, the Supreme Court has clearly held "the basic division of labor in our legal system" requires only that the entity responsible for imposing sentence (either a judge or a petit jury in capital cases) consider the question of just punishment in performing its duties. Shannon v. United States, 512 U.S. 573, 579 (1994). "It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Id. (internal quotation marks omitted). In the context of petit juries, the Supreme Court noted that "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their . . . responsibilities, and creates a strong possibility of confusion." Id. The same holds true of grand juries.

In sum, because the defendant's quarrels with the instructions he supposes the grand jury to have been given in this matter are not legally viable, he cannot demonstrate a risk of error or impropriety sufficient to justify the disclosure of secret grand jury proceedings in this case. Azad, 809 F.2d at 294 (holding that where there was no risk of prosecutorial impropriety, "the district court did not abuse its discretion in denying appellants' motion for disclosure of grand jury proceedings"). "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." Torres, 901 F.2d at 232; see also United States v. Wilson, 565 F. Supp. 1416, 1436-37 (S.D.N.Y. 1983) (denying motion for disclosure of grand jury transcripts because "no factual basis had been presented to warrant the extraordinary relief of disclosure and noting that "[t]his case may not be used to conduct studies on theories held by counsel as to the alleged shortcomings of the grand jury system").

Furthermore, the defendant's letter brief does not explain how the allegedly erroneous legal instructions could potentially have prejudiced him. "[A] district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988). The lack of any allegation of prejudice, along with the lack of a viable legal basis for the challenges the defendant wishes to make to the instructions, combine to suggest that the defendant has not made the "strong showing of particularized need for grand jury materials" required by the

3

Supreme Court "before any disclosure will be permitted." <u>Sells Engineering</u>, 463 U.S. at 443.

  For the foregoing reasons, the government respectfully requests that the defendant's motion be denied.

              Respectfully submitted,

              LORETTA E. LYNCH
              United States Attorney

         By:  /s/ Zainab Ahmad
              Zainab Ahmad
              Hilary Ley Jager
              Assistant U.S. Attorneys
              (718) 254-6522/6248

cc: Defense counsel (by ECF)