

David McCraw
Vice President and
Assistant General Counsel

620 8th Avenue
New York, NY 10018

tel 212.556-4031
fax 212.556-4634
mccraw@nytimes.com

June 12, 2015

**VIA ECF**

The Honorable John Gleason
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Babafemi (13 Cr. 109 (JG))

Dear Judge Gleason:

Pursuant to the Court's Order of June 9, 2015, I write on behalf of The New York Times Company and our reporter Stephanie Clifford to object to certain redactions in Mr. Babafemi's sentencing submission in the above-referenced case. Specifically, Mr. Babafemi has redacted parts of his submission dealing with his psychological health and with the conditions of his incarceration in Nigeria prior to extradition. (See Sentencing Memorandum and Exhibits, Docket No. 46.) We assume in both instances that personal privacy is the basis proffered for the redactions, which appear in both his January 9, 2015 Sentencing Memorandum and certain of the exhibits thereto. We respectfully submit that Mr. Babafemi has not met his burden for keeping those sections under seal and we ask that they be made part of the public record.[1]

**The First Amendment Right of Access.** Sentencing proceedings and the materials submitted to a court pertaining to plea agreements and sentencing are presumptively open under the First

---

[1]   The right of access to judicial documents and proceedings is an affirmative, enforceable public right, and the standing of the press to enforce it is well settled. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609, n. 25 (1982); In re Herald Co., 734 F.2d 93, 101-102 (2d Cir. 1984); United States v. Brooklier, 685 F.2d 1162, 1168 (9th Cir. 1982); United States v. Criden, 675 F.2d 550, 552 n. 2 (3d Cir. 1982).

53366

Amendment. United States v. Alcantara, 396 F.3d 189, 197-98 (2d Cir. 2005) (sentencing proceedings); United States v. Haller, 837 F.2d 84, 86 (2d Cir. 1988) (plea agreement); In Re Washington Post (Soussoudis), 807 F.2d 383, 390-91 (4th Cir. 1986) (sentencing proceedings and submissions); Oregonian Publ. Co. v. U.S. Dist. Court, 920 F.2d 1462, 1465 (9th Cir. 1990) (plea agreements and related documents); United States v. Santarelli, 729 F.2d 1388, 1390 (11th Cir. 1984) (evidence at sentencing hearing); United States v. Nafis, No. 12-cr-720 (CBA), 2013 U.S. Dist. LEXIS 134399 (E.D.N.Y. Sept. 19, 2013) (Government's sentencing submission); United States v. Dare, 568 F.Supp.2d 242, 244 (N.D.N.Y. 2008) (defendant's sentencing submissions); United States v. Laberge, No. 1:04-Cr-487 (NAM), 2005 U.S. Dist. LEXIS 43911, at *5 (N.D.N.Y. Aug. 26, 2005) (sentencing submissions).[2]

As the Second Circuit said in Alcantara, 396 F.3d at 198:

> Members of the public have a strong interest in attending sentencing proceedings, and their attendance is important to the proper functioning of the judicial proceedings. Sentencing proceedings are of paramount importance to friends and family members of the defendant being sentenced. The proceedings are also extremely significant to victims of crimes, to family members of victims, and to members of the community in which the crime occurred.

The Second Circuit made clear that its holding applied to documents as well. Id., at 197 (". . . other circuits have held that the public and press have a right of access to various documents filed in connection with sentencing proceedings . . . . These holdings are persuasive.").

Under the First Amendment, the presumption of access can be overcome only if a court finds that sealing is "necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1, 9-10 (1986); Lugosch v. Pyramid Co., 435 F.3d 110, 124 (2d Cir. 2006). The party seeking sealing has the burden of proof and must show there is a "substantial probability" that disclosure will cause the harm being asserted. Press-Enterprise, 478 U.S. at 13-14; Lugosch, 435 F.3d at 125-126. Before records can be sealed, the court must make "specific, on-the-record findings" that the sealing meets the Press-Enterprise standard. Lugosch, 435 F.3d at 124.

**The Common Law Right of Access.** In addition to the First Amendment right, a common law right of access also attaches to judicial documents and also creates a presumption of access. Lugosch, 434 F.3d at 119. In United States v. Amodeo, 71 F.3d 1044, 1052-53 (2d Cir. 1995), and Lugosch, 435 F.3d at 119, the Second Circuit recognized that the presumption of access is at its height where the

---

[2] The First Amendment right attaches to judicial proceedings and documents where there is a history of access (the "experience prong"), and access "plays a significant positive role in the functioning of the particular process in question" (the "logic prong"). Press-Enterprise v. Superior Court of California, 478 U.S. 1, 8 (1986).

documents at issue relate to a court's exercise of its Article III powers. At such times, the public access to judicial documents is vital to ensure that the public has the opportunity to monitor "the conscientiousness, reasonableness, or honesty of judicial proceedings." Lugosch, 435 F.3d at 119 (quoting Amodeo, 71 F.3d at 1048). Only where there are strong countervailing interests can the common-law presumption be overcome. Lugosch, 435 F.3d at 119-20.

The presumption of access under the common law is particularly strong when the court is engaged in sentencing. See, e.g., CBS, Inc v. U.S. Dist. Ct., 765 F.2d 823, 826 (9th Cir. 1985) (Kennedy, J.) (common law right of access to motions for sentence modification); United States v. Sattar, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) (common law right of access to letters submitted to sentencing court); United States v. Kushner, 349 F. Supp. 2d 892, 905 (D.N.J. 2005) (common law right of access to sentencing memoranda and to letters submitted to court); United States v. Gotti, 322 F. Supp. 2d 230, 250 (E.D.N.Y. 2004) (common law right of access to letters submitted directly to sentencing court). See also United States v. Raybould, 130 F.Supp.2d 829, 833 (N.D. Tex. 2000) ("Few things would cause the public to be more suspicious of our system of criminal justice than to have secret proceedings that lead to special treatment for select criminal defendants").

**Defendant Has Failed to Meet the Sealing Standards.** The need for openness is compelling under the circumstances here. The redactions are not incidental. Mr. Babafemi's request for a "substantial downward departure" is specifically and expressly based on more than 10 pages of redacted material in his Sentencing Memorandum. (See Docket No. 46 at pp. 11-18 and 21-24.) He is being sentenced on serious terrorism-related charges. The public has no real ability to assess how fair or just his sentence is – whether a downward departure is granted or whether his arguments for such a departure are rejected – if the essential elements of his argument are kept secret. All of the policy reasons that undergird the U.S. court system's long history of openness come to bear in a case like this where the state is about to use its authority to take the liberty of an individual following conviction for a crime of significant public concern.

While Mr. Babafemi's interest in privacy is understandable, the courts have rejected claims that the psychological or medical records of defendants should be sealed when those records are submitted in an attempt to influence sentencing decisions. In United States v. King, No. 10 CR 122 (JGK), 2012 U.S. Dist. LEXIS 83634, at *7-8 (S.D.N.Y. June 15, 2012), the defendant asked the court to seal her medical records. The court declined to do so. While recognizing a protectable privacy interest in medical information "extraneous" to sentencing and in medical records of third parties, the court noted that "the public should be afforded the opportunity to review the material that the Court has considered in arriving at the sentence in this case." Id., at *6. Similarly, in Dare, 568 F. Supp.2d 242, the court rejected a privacy claim in respect to medical information submitted at sentencing. Acting on an unsealing motion by a local newspaper, the court pointed out that the defendant had voluntarily "chosen to introduce the medical information in an attempt to mitigate his sentence" and concluded that the privacy interest in those medical records, "which surely are among an individual's most private matters," was insufficient to overcome the presumptive right of access to sentencing

materials. Id., at 244.[3] See also United States v. Chanthaboury, No. 12-cr-00199-GEB, 2013 U.S. Dist. LEXIS 172481 (E.D. Calif. Dec. 5, 2013) (declining to seal a psychological report introduced to influence sentencing).

Even if the privacy interest were cognizable, Mr. Babafemi would still have to meet his burden of providing evidentiary support sufficient for the Court to make "specific, on-the-record findings" that the proposed sealing meets the constitutional standard – i.e., that some value higher than judicial transparency is involved, that only by sealing will those values be served, that the harm asserted is "substantially probable" if there is disclosure, and that the sealing is as narrow as possible. See Press-Enterprise, 478 U.S. at 9-10 and 13-14; Lugosch, 435 F.3d at 124; see also Chanthaboury, 2013 U.S. Dist. LEXIS 172481, at *4-5 (defendant failed to establish proposed sealing of psychological report was narrowly tailored). Defendant has not made that showing here.

Accordingly, we respectfully request that the Court order the unsealing of the memorandum sections and exhibits pertaining to Defendant's psychological health and his incarceration or, in the alternative, to further tailor the sealing to the extent that Mr. Babafemi establishes a need sufficient to set aside the public's right of access as to some portions of the material.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*[signature]*

David E. McCraw

cc:   Lisa Hoyes, Esq.
      Zainab Ahmad, AUSA
      (both by electronic delivery)

---

[3]   The Dare court permitted redaction only of Social Security numbers and personal addresses. 568 F.Supp.2d at 245.