

U.S. Department of Justice

_United States Attorney_
_Eastern District of New York_

ZA/HLJ
F. #2011R01655

_271 Cadman Plaza East_
_Brooklyn, New York 11201_

June 25, 2015

**To be Filed Under Seal**

By Hand and ECF

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Lawal Babafemi
>        Criminal Docket No. 13-109 (JG)

Dear Judge Gleeson:

The government writes in connection with the New York Times Company's request to unseal certain redacted portions of the defendant's sentencing memorandum in this case. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ For the reasons set forth below and discussed on the record on June 18, 2015, the government respectfully submits that the defendant has not met his burden for keeping the currently-redacted portions of his sentencing memorandum under seal.

I.      Background

The defendant pleaded guilty, in April 2014, to conspiring to provide and providing material support to the designated foreign terrorist organization al-Qaeda in the Arabian Peninsula, in violation of 18 U.S.C. § 2339B. On January 9, 2015, the defendant filed a sentencing memorandum under seal. On April 24, 2015, the government filed its sentencing memorandum under seal which included, in footnote 1 on page 1, a proposal to redact certain portions of the memorandum from the publicly-filed version. The defendant did not object to the contours of the proposed redactions, and the government publicly filed a redacted version of its sentencing letter on April 30, 2015.



[redacted]

[redacted]

On May 20, 2015, the New York Times Company (the "Times") filed a letter seeking the unsealing of the defendant's January 9, 2015 sentencing submission. [redacted]

The Times was provided with a copy of defendant's redacted sentencing memorandum but not with a copy of defendant's June 5, 2015 letter, which was filed under

seal for the reasons stated therein.  The Times objected to the proposed redactions in a letter dated June 12, 2015.  The newspaper argued that the fact that the redactions pertained to a request for a "substantial downward departure" in a serious terrorism case uniquely and forcefully implicated "the policy reasons that undergird the U.S. court system's long history of openness."  Times Letter at 3 (June 12, 2015).

II.    Discussion

The standard by which an application to seal in this context should be considered is clear and undisputed:  the public and the press have a qualified First Amendment right of access to sentencing proceedings and to documents filed in connection with sentencing proceedings.  United States v. Alcantara, 396 F.3d 189, 197 (2d Cir. 2005). Therefore, in order to close sentencing proceedings or seal documents filed in connection therewith, the Court must make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 199 (internal quotation marks and citations omitted).  The Second Circuit has traditionally followed the four-step test articulated in United States v. Doe in deciding whether or not the standard for sealing or closure has been met:

> First, the district court must determine, in specific findings made on the record, if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party. . . .  Second, if a substantial probability of prejudice is found, the district court must consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access.  Third, if such alternatives are found wanting, the district court should determine whether, under the circumstances of the case, the prejudice to a compelling interest overrides the qualified First Amendment right of access.  Fourth, if the court finds that closure is warranted, it should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose.

63 F.3d 121, 128 (2d Cir. 1995) (internal citations and quotation marks omitted).

The party seeking sealing bears the burden of "establishing a substantial probability of danger" or prejudice to a compelling interest.  Id. at 130.

This case fails at the first prong of Doe because the defendant has not met his burden of establishing a "substantial probability of prejudice to a compelling interest." ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

While the interest identified by the defendant is

3

clearly compelling, the likelihood that it will be prejudiced by has not been demonstrated by the record.

[redacted]

[redacted]

[redacted]

[redacted]



[redacted]

[redacted]

[redacted]

[redacted]





[redacted]

[redacted]

Mindful of the fact that the Court's power to limit the qualified First Amendment right of access of the public and the press "is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons," the government respectfully submits that there is an insufficient basis in the record for such a limitation in this case. United States v. Cojab, 996 F.2d 1404, 1405 (2d Cir. 1993).

III.     Conclusion

        Because the defendant has not met his burden of demonstrating a "substantial probability of prejudice to a compelling interest," the government respectfully submits that Court grant the Times' application for unsealing.  In light of the fact that the issues discussed herein currently remain under seal, however, the government respectfully requests that this letter be sealed.  The government will file a redacted version, excising the discussion of topics currently under seal, on the public docket.

        Respectfully submitted,


        KELLY T. CURRIE
        Acting United States Attorney


By:    /s/ Zainab Ahmad
        Zainab Ahmad
        Hilary Ley Jager
        Assistant U.S. Attorneys
        (718) 254-6522/6248


cc:  Defense counsel (by email)