## TABLE OF CONTENTS

I.      INTRODUCTION………………………………………………………………..1

II.     FACTUAL BACKGROUND……………………………………………………2

III.    ARGUMENT………………………………………………………………….3

    A.  Petitioner's guilty plea was neither knowing nor voluntary because
        he received ineffective assistance of counsel…………………………………...4

    B.  Petitioner's appellate waiver was neither knowing nor voluntary
        because he received ineffective assistance of counsel……………………………6

    C.  The motion to vacate is not procedurally barred because Petitioner
        has set forth a sufficiently credible claim that he is actually innocent
        of the underlying charges……………………………………………………….7

IV.     CONCLUSION………………………………………………………………10

## TABLE OF AUTHORITIES

### CASES

Holland v. Florida, 560 U.S. 631, 545 (2010)……………………………………………….7

House v. Bell, 547 U.S. 518, 521, 126 S. Ct. 2064, 165 L.3d 2d 1 (2006)……………………8, 9

Massaro v. United States, 538 U.S. 500, 508-509 (2003)………………………………………...7

Bousley v. United States, 523 U.S. 614, 622-23 (1998)………………………………………..7, 8

Schlup v. Delo, 513 U.S. 298, 324 (1995)………………………………………………………..8

Strickland v. Washington, 466 U.S. 668, 687-96, 102 S.Ct. 2052, 80 L.Ed. 2d 674 (1984)……..5

Hill v. Lockhart, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985)……………………...5

North Carolina v. Alford, 400 U.S. 25, 31 (1970)………………………………………………...4

Machibroda v. United States, 368 U.S. 487 (1962)………………………………………………4

McQuiggin v. Perkins, 569 U.S. 383 (1924)……………………………………………………7-8

United States v. Keith, 765 Fed. Appx. 526, 529 (2nd Cir. 2019)……………………………...4, 6

Rivas v. Fischer, 780 F.3d 529, 541, 545 n25 (2nd Cir. 2015)……………………………………8

Gonzalez v. United States, 722 .3d 118, 130-131 (2nd Cir. 2013)………………………………..4

Galviz Zapata v. United States, 431 F.3d 395, 399 (2nd Cir. 2005)……………………………….3

United States v. Arteca, 411 F.3d 315, 320 (2nd Cir. 2005)……………………………………...4, 5

Pham v. United States, 317 F.3d 178, 185 (2nd Cir. 2003)……………………………………….4

United States v. Couto, 311 F.3d 179, 187 (2nd Cir. 2002)……………………………………….4

Chang v. United States, 250 F.3d 79, 85 (2nd Cir. 2001)…………………………………………4

United States v. Hernandez, 242 F.3d 110 (2nd cir. 2001)……………………………...………7

Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000)……………………………………………..7

Triana v. United States, 205 F.3d 36, 40 (2nd Cir. 2000)………………………………………….3

United States v. Salameh, 152 F.3d 88, 155 (2nd Cir. 1998)……………………………………..9

Marone v. United States, 10 F.3d 65, 67 (2nd Cir. 1993)………………………………………7

Ventura v. Meachum, 957 F.2d 1048, 1058 (2nd Cir. 1992)…………………………….....5

United States v. Nusraty, 867 F.2d 759, 764 (2nd Cir. 1989)……………………………….9

United States v. Rios, 856 F.2d 493, 496 (2nd Cir. 1988)………………………………………..9

United States v. Aiello, 814 F.2d 109, 113-14 (2nd Cir. 1987)………………………………...4

Williams v. United States, 481 F.2d 339, 346 (2nd Cir. 1973)…………………………………...3

United States v. Vilhotti, 452 F.2d 1186, 1189 (2nd Cir. 1971)………………………………..9

Gent v. United States, 2018 U.S. Dist. LEXIS 77473, *7-8 (S.D.N.Y. 2018)………………3, 4, 7

Bryant v. Thomas, 274 F.Supp. 3d 166, 182 (S.D.N.Y. 2017)…………..……………………..9

U.S. v. Tollado, 799 F.Supp. 2d 156 (Dist. Ct. 2011)…………………………………….9

## STATUTES

28 U.S.C. § 2255………………………………………………………………………passim

28 U.S.C. § 22445(d)(1)……………………………………………………………..8

## SCHOLARLY ARTICLES

Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*,
38 U. CHI. L. REV. 142, 160 (1970)……………………………………………..…..8

iii

323UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
United States of America,          |
                                   |
          against                  |          13-CR-00109(MKB)
                                   |
Lawal Babafemi,                    |
                    Petitioner     |
-------------------------------------------------------X

### MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

I.      INTRODUCTION

Lawal Babafemi ("Petitioner"), a citizen of Nigeria, pleaded guilty pursuant to a plea agreement to two counts of an indictment charging him with conspiring to provide aid to a foreign terrorist organization, Al-Qaeda. On August 17, 2015, Judge Gleeson sentenced him to two consecutive terms of 15 years and 7 years, and Petitioner is currently incarcerated at the Allenwood Low Federal Correctional Institution pursuant to that judgment. Petitioner is scheduled to be released from Bureau of Prisons custody on or about July 5, 2030, after which time he will be removed from the United States.[1] Petitioner also filed a *pro se* motion for compassionate release in August 2020, which is still pending.

On April 17, 2020, Petitioner moved this Court, *pro se*, for an order to vacate his judgment and sentence pursuant to 28 U.S.C. § 2255.[2] On August 3, 2020, this Court appointed Matthew

---

[1] As part of his guilty plea, Defendant consented to a judicial order of immigration removal. See Exhibit B [Plea Hearing Transcript], at p. 13; see also Exhibit C [Concurrence of United States Immigration and Customs Enforcement].

[2] See ECF Document # 66 (13-CR-109 (MKB)) (filed April 17 and entered July 28).

1

Galluzzo, Esq. to assist Petitioner with his application pursuant to the Criminal Justice Act.[3] Counsel now submits this additional Memorandum of Law in support of Petitioner's application, in conjunction with Petitioner's Supplemental Affidavit (attached as Exhibit A).[4]

II.   FACTUAL BACKGROUND

In August 2011, Petitioner was arrested in his home country of Nigeria based upon the accusation that he collaborated with Al-Qaeda, the notorious Islamist terrorist organization. It was specifically alleged that in 2010-2011, he participated in the publication of an Al-Qaeda magazine (called Inspire), that he accepted money from the organization to recruit English-speaking jihadists, and that he once brandished or fired a firearm during an encounter with border police. After his arrest, petitioner was detained in Nigeria and endured physical and psychological torture by his captors. He was eventually extradited to the United States in 2013, where he was forced to confront the indictment at issue in this matter.

For the purpose of this application, Petitioner now asserts that although he pleaded guilty, he was not in fact guilty of the crimes as alleged by the government. Though Petitioner did in fact meet with members of Al-Qaeda and receive money from them for the purpose of recruiting new English-speaking members, Petitioner asserts that he was unaware of the underlying criminal purpose of this plan and that he abandoned the plan and took the money to support himself and his family (see Exhibit A, at Paragraphs 28-29, 36-37, 48). Petitioner further argues that although he was forced to hold a weapon by members of the organization, he never in fact fired it at anyone (see Exhibit A, at Paragraphs 40-41). Finally, he contends that he had no knowledge that the

---

[3] See ECF Document # 67 (13-CR-109 (MKB)).

[4] Most of Petitioner's Supplemental Affidavit was handwritten; a typed copy transcribed by the undersigned is included as part of Exhibit A.

English-speaking recruits he had been enlisted to find would be tasked with harmful acts against Americans (see Exhibit A, at Paragraphs 36-37).

### III.    ARGUMENT

Petitioner has presented a valid basis for relief in his *pro se* Motion to Vacate Pursuant to 28 U.S.C. § 2255(a) and Supplemental Affidavit. In combination, petitioner alleges that he is in fact innocent of the criminal allegations for which he was sentenced and that his guilty plea and appellate waiver were neither knowing nor voluntary. He specifically asserts that his attorneys provided ineffective assistance of counsel, in that they misled him about the nature of his plea, the necessary *mens re*a elements of the crime to which he pleaded guilty, and the viability of certain defenses in his case. Moreover, he contends that his attorneys provided him with insufficient time to review and understand certain plea-related documents (see Exhibit A, at Paragraphs 17-20, 49). He also contends that his attorneys pressured him into pleading guilty by telling him that he would otherwise receive life in prison (see Exhibit A, at Paragraph 23). Finally, Petitioner alleges that his lawyers failed to make objections to various material aspects of the presentence report, despite his having communicated those objections to him. Taken together, Petitioner has asserted violations of his rights under the U.S. Constitution, and the Court should order a hearing to consider his various claims. 28 U.S.C. § 2255(b).

A petitioner bears the burden of proving entitlement to relief under § 2255 by a preponderance of the evidence. See Galviz Zapata v. United States, 431 F.3d 395, 399 (2nd Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)); see also Triana v. United States, 205 F.3d 36, 40 (2nd Cir. 2000); Gent v. United States, 2018 U.S. Dist. LEXIS 77473, *7-8 (S.D.N.Y. 2018). In ruling on a motion under § 2255, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that

3

the prisoner is entitled to no relief." 28 U.S.C. § 2255; <u>Gonzalez v. United States</u>, 722 F.3d 118, 130-131 (2nd Cir. 2013); <u>see also Gent</u>, supra, at *7-8; <u>Pham v. United States</u>, 317 F.3d 178, 185 (2nd Cir. 2003) (§ 2255 does not permit summary dismissals of motions that present facially valid claims). To be sure, the filing of a motion pursuant to § 2255 does not automatically entitle the movant to a hearing; that section does not imply that there must be a hearing where the allegations are "vague, conclusory, or palpably incredible." <u>Machibroda v. United States</u>, 368 U.S. 487 (1962); <u>see, e.g., Chang v. United States</u>, 250 F.3d 79, 85 (2nd Cir. 2001). To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief. <u>See, e.g., Machibroda</u>, 368 U.S at 494; <u>Gonzalez v. United States</u>, <u>supra</u>, at 130-31; <u>United States v. Aiello</u>, 814 F.2d 109, 113-14 (2nd Cir. 1987). Here, Petitioner presents valid claims that cannot be summarily dismissed by the Court, and a hearing must be conducted.

A. <u>Petitioner's guilty plea was neither knowing nor voluntary because he received ineffective assistance of counsel.</u>

"Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea … to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." <u>United States v. Keith</u>, 765 Fed. Appx. 526, 529 (2nd Cir. 2019), <u>quoting United States v. Arteca</u>, 411 F.3d 315, 320 (2nd Cir. 2005); United States v. Couto, 311 F.3d 179, 187 (2nd Cir. 2002); <u>see also North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970) (holding that the standard for evaluating the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant"). A district's court's determination of a claim of ineffective assistance is a mixed question of law and fact and is reviewed de novo. <u>Couto</u>, 311 F.3d at 187.

4

To successfully demonstrate ineffective assistance, a defendant-petitioner must make "an affirmative showing that 1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms, and 2) it is reasonably likely that prejudice occurred-- i.e., that but for counsel's unprofessional errors, the result of the proceeding would have been different." Arteca, supra (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To satisfy the second prong of Strickland in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985). Also, where "defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." Arteca, supra, at 320; Ventura v. Meachum, 957 F.2d 1048, 1058 (2nd Cir. 1992) (citing cases) (internal quotation marks omitted).

Petitioner pleaded guilty because he misunderstood the elements of the crime and believed that he had no defense to the conspiracy charges. His attorneys wrongly led him to believe that his mere association with the members of the foreign terrorist organization meant that he was guilty of the crimes alleged in the indictment. Petitioner asserts that he did not understand that he could argue at trial that although he associated with the organization, he never intended to provide material assistance. Moreover, he did not understand that he had a viable argument that he had abandoned the conspiracy by keeping the money for himself and declining to complete the recruitment of other members. Had he understood these defenses, he would have proceeded to trial (see Exhibit A, at Paragraphs 17-37, 48-49).

5

In addition, Petitioner asserts that he did not understand various aspects of the plea and sentencing process because his attorneys did not adequately explain them to him. He had less than one hour to review and consider the plea documents that ultimately resulted in him receiving a sentence of 22 years in prison (see Exhibit A, at Paragraphs 17, 49). Before being led into his plea hearing, he had many unresolved questions that his attorneys did not answer because there was insufficient time, and because his attorneys had not visited him earlier with these documents. He proceeded with the plea anyway in reliance on certain mistaken assumptions on his part. First and foremost, he mistakenly believed that his mere association with the group made him guilty of the conspiracy charge. In addition, though, he believed that he would be permitted to explain his version of events to the court, but he was never given the chance. He also expected his attorneys to present a competing version of the facts in the presentence report, but then almost none of his factual objections were submitted (see Exhibit A, at Paragraphs 18-21. That version of events that he wanted the Court to read resembles his current affidavit in support of this motion to vacate. Of course, persuading an innocent client to plead guilty pursuant to an agreement he does not understand would represent obvious ineffective assistance of criminal defense counsel.

B. Petitioner's appellate waiver was neither knowing nor voluntary because he received ineffective assistance of counsel.

To be sure, Petitioner executed a waiver of his right to appeal his guilty plea and sentence. This waiver was included in his plea agreement and discussed at his plea colloquy (Exhibit B, at pages 18-19). However, the Second Circuit has held that a "plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." United States v. Keith, supra, at 530; citing United States v. Hernandez, 242 F.3d 110 (2nd Cir. 2001). Here, Petitioner asserts that his

6

appellate waiver is not enforceable because he did not receive effective assistance of counsel in entering his guilty plea, for the reasons previously set forth. See Argument, supra, at Part A.

C. This motion to vacate is not procedurally barred because Petitioner has set forth a sufficiently credible claim that he is actually innocent of the underlying charges.

There are no procedural impediments to the Court considering Petitioner's motion.[5] Generally, a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) must be brought within one year of the finality of the judgment. 28 U.S.C. § 2255(f). However, the U.S. Supreme Court and Second Circuit have held that in cases of actual innocence, equitable tolling can apply to the one-year statute of limitations period for 28 U.S.C. § 2255 habeas petitions. See Holland v. Florida, 560 U.S. 631, 645 (2010); Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000). Equitable tolling requires a petitioner to show that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland, 560 U.S. at 649. Similarly, a prisoner can circumvent the AEDPA limitations period if he or she makes "a credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383 (1924). As such, the Supreme Court has recognized that an assertion of actual innocence will excuse a federal habeas petitioner from a procedural bar or the expiration of the one-year

---

[5] Petitioner did not raise the instant claims on direct appeal, but that does not mandate a procedural default either. "[T]he "procedural default" rule bars the collateral review of claims that could have been raised on direct appeal, unless the petitioner shows cause for failing to raise the claims on direct review and actual "prejudice" or actual innocence." Gent, supra, at •6, citing Bousley v. United States, 523 U.S. 614, 622-623 (1998) (citations omitted); see also Marone v. United States, 10 F.3d 65, 67 (2nd Cir. 1993) ("In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error.") This procedural default rule "does not apply to ineffective-assistance-of-counsel claims, which may be brought in a § 2255 motion regardless of whether they could have been raised, or were raised, on direct appeal." Gent, supra, citing Massaro v. United States, 538 U.S. 500, 508-09 (2003).

statute of limitations proscribed by 28 U.S.C. §2244(d)(1) if a presented actual innocence claim is "'credible' and 'compelling' . . . allowing a petitioner to have his otherwise time-barred claims heard by a federal court." Rivas v. Fischer, 780 F.3d 529, 541, 545 & n.25 (2nd Cir. 2015) (citing McQuiggin, 133 S.Ct. at 1928). "For the claim to be credible[,] it must be supported with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence-that was not presented at trial." House v. Bell, 547 U.S. 518, 521, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Provided a petitioner has presented "some new reliable evidence," the court may proceed to the "compelling" prong of the claim, at which point the court's analysis "is not limited to [new reliable] evidence" but must be based on "all the evidence, old and new." House, 547 U.S. at 537 (internal quotation marks omitted); see also Rivas, 687 F.3d at 542. For the claim to be "compelling," it must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Schlup, 513 U.S. at 327-328 (1995) (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. CHI. L. REV. 142, 160 (1970)); see also House, 547 U.S. at 538; Bousley, 523 U.S. at 623; McQuiggin, 133 S.Ct. at 1933 (reiterating standard); Rivas, 687 F.3d at 518 (employing the same). The actual innocence claim allows district courts to consider evidence beyond what was presented at the petitioner's trial — in the Court's words, "all the evidence," without regard to whether it would necessarily be admitted under "rules of admissibility that would govern at trial — "to assess how reasonable jurors would react to the overall, newly supplemented record." Schlup, at 327-28, 330. After considering of all the evidence, the district court must make a "probabilistic determination about what reasonable, properly instructed jurors would do. Id. at 329. While demanding,

8

Petitioner's burden to shown actual innocence "does not require absolute certainty about the petitioner's guilt or innocence." House, 547 U.S. at 538; see also e.g. Bryant v. Thomas, 274 F.Supp.3d 166, 182 (S.D.N.Y. 2017) (Sweet, J.); U.S. v. Tollado, 799 F.Supp. 2d 156 (Dist. Ct. 2011). Here, Petitioner's appeal is not time-barred because he has presented a legitimate claim of actual innocence.

Of course, in Petitioner's case, there was no evidence presented at trial because he pleaded guilty. Petitioner now presents his own firsthand sworn accounts of what transpired regarding his alleged crimes, and he would have testified as such had he not been wrongly compelled to plead guilty by ineffective counsel. Specifically, Petitioner explains in his Supplemental Affidavit that despite his guilty plea, he is actually innocent of the crimes for which he is incarcered. Though he does not deny that he associated with members of a foreign terrorist association, he now denies in his sworn statement that he provided material assistance to that organization. "Mere association with those implicated in an unlawful undertaking is not enough to prove knowing involvement" in that criminal activity. United States v. Nusraty, 867 F.2d 759, 764 (2nd Cir. 1989); see also, e.g., United States v. Rios, 856 F.2d 493, 496 (2nd Cir. 1988). Moreover, mere presence while actions are being taken in furtherance of a conspiracy is likewise insufficient to prove "knowing conspiratorial agreement." Nusraty, 867 F.2d at 764; see also United States v. Salameh, 152 F.3d 88, 155 (2nd Cir. 1998); United States v. Vilhotti, 452 F.2d 1186, 1189 (2nd Cir. 1971).

This present assertion of innocence is not incompatible with his statements at his plea hearing, either. To be sure, he stated during his plea colloquy that he assisted the terrorist group by attempting to recruit new members (see Exhibit B, at pages 19-22). However, Petitioner now explains that he abandoned the plan to recruit new members before any material assistance was provided. Thus, although he did in fact associate with members of the organization, he was

9

unaware of its criminal purpose. Moreover, he withdrew from the conspiracy and abandoned the criminal scheme before completing any meaningful steps. Moreover, he did not understand that those recruits might eventually be involved in providing material assistance to the organization (see Exhibit A, at Paragraphs 28-29, 36-37, 48). He informed his attorneys of this fact and they were ineffective for failing to explain to him that this was a legitimate and viable defense to the charges (see Exhibit A, at Paragraph 50).

IV.    CONCLUSION

For the foregoing reasons, the Court should order a hearing to determine the merits of Petitioner's claim that he was denied his constitutional rights.

Respectfully submitted,

The Law Office of Matthew Galluzzo PLLC

By:    _____/s/_____
Matthew Galluzzo, Esq.
Counsel for Defendant-Petitioner Lawal Babafemi

11 Broadway Suite 715
New York, New York 10004
Office (212) 344-5180
Email matthew.galluzzo@criminal-defense.nyc

CC:
Assistant U.S. Attorney Sarah Evans
U.S. Attorney's Office
Eastern District of New York
VIA EMAIL AND ECF

Enc.

10