**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 11201
Tel: (718) 330-1200  Fax: (718) 855-0760

David E. Patton
Executive Director and
Attorney-in-Chief

Eastern District
Peter Kirchheimer
Attorney-in-Charge

July 24, 2015

*Via Mail*
Lawal Olaniyi Babafemi
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

Dear Mr. Babafemi,

Enclosed please find copies of your plea agreement and consent to removal paperwork. My apologies for the delay.

Sincerely,

Emma Schindler
Paralegal
Federal Defenders of New York, Inc.

COURT EXHIBIT
#1
4 29 2014

ZA:HLJ
F. #2011R01655

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

LAWAL OLANIYI BABAFEMI,

     Defendant.

- - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

13 CR 109 (JG)

     Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and LAWAL OLANIYI BABAFEMI (the "defendant") agree to the following:

     1.    The defendant will plead guilty to Counts One and Two of the above-captioned indictment, charging a violation of 18 U.S.C. § 2339B. The counts carry the following statutory penalties:

     a.    Maximum term of imprisonment: 15 years
          (18 U.S.C. § 2339B(a)(1)).

     b.    Minimum term of imprisonment: 0 years
          (18 U.S.C. § 2339B(a)(1)).

     c.    Maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
          (18 U.S.C. § 3583 (b) & (e)).

    d.      Maximum fine: $250,000
            (18U.S.C. § 3571(b)(3)).

    e.      Restitution: In an amount to be determined by the Court.
            (18 U.S.C. §§ 3663 and 3663A).

    f.      $ 200 special assessment
            (18 U.S.C. § 3013).

    g.      Other penalties: removal, as set forth below in paragraph 6.

The sentence imposed on each count may run consecutively.

    2.      The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be 38, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---|
| Base Offense Level (§ 2M5.3) | | 26 |
| Plus:   Terrorism Enhancement (§ 3A1.4(a)) | | +12 |
| Total: | | <u>38</u> |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 36 and a range of imprisonment of 324 - 360 months, assuming that the defendant falls within

Criminal History Category VI.  Furthermore, if the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before April 29, 2014, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 35.  This level carries a range of imprisonment of 292 - 360 months, assuming that the defendant falls within Criminal History Category VI.  The defendant stipulates to the above Guidelines calculation except insofar as he reserves the right to argue that adjustments pursuant to U.S.S.G. § 2X1.1(b) and § 3B1.2(b) should be applied to his offense level.  The defendant understands that the government will oppose the application of those adjustments.

3.      The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court.  If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4.      The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 360 months or below.  This waiver is binding without regard to the sentencing analysis used by the Court.  The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.  The defendant waives any right to

4

additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 6 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

5.      The Office agrees that:

     a.      no further criminal charges will be brought against the defendant for conspiring to provide and providing material support to al-Qaeda, or conspiring to possess and possessing weapons in furtherance of that crime, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the indictment with prejudice;

and, based upon information now known to the Office, it will

     b.      take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

     c.      make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this

agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5 (a)-(c).

6. The defendant consents to his removal. The defendant acknowledges that he received a Notice of Intent to Request Judicial Removal dated April 28, 2014, and Factual Allegations In Support of Judicial Removal dated April 28, 2014. The defendant also acknowledges that he signed a Plea Statement In Support of Judicial Removal Proceedings dated April 28, 2014 (the "Removal Plea Statement"). The Notice of Intent to Request Judicial Removal, Factual Allegations In Support of Judicial Removal, and the Removal Plea Statement are all attached hereto and incorporated herein. As set forth more fully in the defendant's Removal Plea Statement, the defendant concedes that he is removable from the United States; waives any right he may have to apply for relief or protection from removal; requests that an order be issued for his removal to Nigeria and requests that the Court, at the time of sentencing, order that the defendant be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing.

7. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

8. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in

6

this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York

_____April 29_____, 2014

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: _____
Hilary Ley Jager
Assistant United States Attorney

Approved by:

_____
Zainab Ahmad
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
LAWAL OLANIYI BABAFEMI
Defendant

Approved by:

_____
Lisa Hoyes
Counsel to Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

CONCURRENCE OF UNITED
STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT

LAWAL OLANIYI BABAFEMI
    Defendant.

13 CR 109 (JG)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


Based upon consideration of the applicable law and the defendant's statement, I

hereby concur, on behalf of United States Immigration and Customs Enforcement, in the

United States Attorney's request that a judicial order of removal be granted against the

defendant.


Dated:      New York, New York
            April 28, 2014

Special Agent in Charge
United States Immigration and
Customs Enforcement