UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
LAWAL BABAFEMI,
                         Petitioner,

                                                          AFFIDAVIT
                                                          13-CR-00109 (BC)
    v.

UNITED STATES OF AMERICA,

                        Respondent.
---------------------------------------------------------------

Lisa Hoyes, Esq., swears under penalty of perjury and pursuant to 28 U.S.C. § 1746:

      1. I provide this Affidavit in response to Lawal Babafemi's 28 U.S.C. § 2255 Motion, following his waiver of attorney-client privilege, and pursuant to the Court's Order. The information set forth below is based on my best recollection of events. Because I provide this Affidavit for the limited purpose of addressing certain factual allegations raised in Mr. Babafemi's § 2255 motion, I have not included every detail concerning my representation of him.

      2. I was assigned by this Court in 2013 to represent Mr. Babafemi, who was arrested for violating the terrorism laws of the United States. Specifically, Mr. Babafemi was accused of conspiring to provide, providing, and attempting to provide material support to a foreign terrorist organization (Counts One and Two), and use of a firearm and conspiring with others to use a firearm in furtherance of a crime of violence (Counts Three and Four).

      3. In his request for relief, Mr. Babafemi asserts that I provided ineffective assistance of counsel because I (i) misled him to believe that mere association with members of a foreign terrorist association constituted guilt of the crimes charged in the indictment; (ii) did not explain that he had a viable abandonment defense; (iii) did not spend sufficient time discussing his guilty plea; (iv) did not raise every objection to the presentence report that he noted.

      4. At the time I was assigned to this case I had been an assistant federal defender in the Eastern District of New York for approximately four years.

      5. As an assistant federal defender, I worked diligently on behalf of my clients, including Mr. Babafemi. As part of being diligent, and as a matter of course, I (i) provided my clients information about the process of a criminal case; (ii) discussed with them what would happen in court before a scheduled court appearance; (iii) explained legal concepts such as the presumption of innocence and the right against self-incrimination; (iv) explained motion practice; (v) discussed possible defenses to the charges; (vi) informed them of their options, including, going to trial, pleading guilty, and cooperating with the government; (vii) explained the different ways one could plead guilty (by plea agreement or by pleading to the indictment); (viii)

explained the statutory sentencing structure, including mandatory sentences; (ix) explained the function of the United States Sentencing Guidelines; and (x) explained plea waivers and the rights a defendant gives up by pleading guilty. I followed this course of diligent practice in Mr. Babefemi's case.

6. Mr. Babafemi was detained at the Metropolitan Correctional Center (MCC). He was initially held in solitary confinement in Unit 10-South, and was subsequently transferred to general population.

7. While I represented Mr. Babafemi, I visited him frequently at the MCC.

8. In the course of my representation, I reviewed both classified and unclassified discovery provided by the government.

9. I reviewed with Mr. Babafemi all of the unclassified discovery in his case.

10. Mr. Babafemi and I discussed potential defenses to the charges against him. He informed me that he did not intend to wage violent jihad or harm Americans. He informed me that he did take money from Al-Qaeda with the intention of recruiting English-speaking Nigerians to travel to Yemen. He informed me that once in Nigeria, he did take steps to recruit Nigerians to travel to Yemen. Based on my legal research, I believed that these facts were sufficient to sustain the material support charges and conveyed as much to Mr. Babafemi. I never advised Mr. Babafemi that mere association with members of a foreign terrorist association constituted guilt of the crimes charged in the indictment.

11. Mr. Babafemi informed me that he used the money that was given to him in Yemen to start a legitimate business in Nigeria. I did not believe that this constituted a viable abandonment defense and conveyed as much.

12. Mr. Babafemi informed me that he briefly held a firearm during and in relation to the time he spent with Al-Qaeda while he was in Yemen.

13. I informed Mr. Babafemi of his potential exposure if he went to trial, including the significant mandatory prison time he would face if convicted of all counts in the indictment. I did not tell him that he would be sentenced to life.

14. I engaged in plea negotiations with the government in an effort to avoid the mandatory minimum sentence on the firearms counts in the indictment.

15. I gave Mr. Babafemi a copy of the proposed plea agreement. I made sure he had ample time to read it, ask me questions, and discuss it with me in its entirety. We had these discussions at the MCC, in advance of the date of the guilty plea.

16. In our discussions at the MCC about his guilty plea, I drafted a factual allocution for him to review. I told him that he would have to read that out loud in court and that it had to be accurate.

17. I advised Mr. Babafemi that the decision whether to plead guilty or proceed to trial was entirely his. I do not recall Mr. Babafemi ever telling me that he wanted to proceed to trial.

18. I prepared Mr. Babafemi for the presentence interview and was present for his presentence interview. I reviewed the presentence report with him and made objections to the report in an effort to correct errors and make sure that the final report was accurate. I exercised my best legal judgment in deciding which objections to raise. I did not make every correction noted by Mr. Babafemi.

Executed on: March 15, 2021
New York, New York

*Lisa Hoyes*
Lisa Hoyes, Esq.