

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:SME
F. #2017R00019

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 26, 2021

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Lawal Babafemi
                  <u>Docket No. 13-CR-109 (BMC)</u>

Dear Judge Cogan:

        The government respectfully submits this letter in response to the Court's order, dated March 17, 2021 (the "March 17 Order"), directing the government to file a letter addressing the following issues relating to the defendant's motions pursuant to 28 U.S.C. § 2255 (the "2255 Motion") and 18 U.S.C. § 3582(c)(1)(A) (the "3582 Motion") (collectively, the "Motions"): (1) the filing of the pre-sentence report ("PSR") under seal on the docket, (2) the filing of a complete copy of the sentencing transcript on the docket, and (3) the basis to rely on the government's sentencing memorandum as background regarding the circumstances of the offense in deciding the Motions, or, in the alternative, whether the parties stipulate to the facts proffered by the government.

        As set forth below, the government has filed a copy of the complete sentencing transcript on the docket and has no objection to the filing of the PSR on the docket under seal. Moreover, while it is appropriate for the Court to rely on the government's sentencing memorandum as background for the 2255 Motion, the government sets forth alternate sources – namely, the sentencing judge's findings and the PSR – that the Court may use as background and which contain essentially the same information.

        I.    <u>Filing of the PSR and Sentencing Transcript on the Docket</u>

        The government previously attached a complete copy of the sentencing transcript to its memorandum in opposition to the 2255 Motion. <u>See</u> ECF Docket Entry No. 81, Exhibit C. For the Court's convenience, that transcript is reattached as Exhibit A to this letter. The government has no objection should the Court direct the United States Probation Department to file the PSR under seal on the docket. Additionally, the government obtained a copy of the PSR

from the Probation Department and will provide a copy to the Court by e-mail.

II. Basis to Use the Government's Sentencing Memorandum as Background

It is permissible for the Court to review the entire case record, including letters filed on the docket, in connection with a motion pursuant to 28 U.S.C. § 2255. As an initial matter, Section 2255 specifically directs a judge to review the "files and records of the case," of which the sentencing memorandum is a part. 28 U.S.C. § 2255. Further, even to the extent that the sentencing memorandum were not included in "files and records of the case," the Rules Governing Section 2255 Proceedings[1] ("Section 2255 Rules") contemplate the consideration of an expanded record. Specifically, Rule 7 notes that the judge considering the motion may direct the parties to expand the record by submitting "*letters predating the filing of the motion*, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record." Section 2255 Rules, Rule 7. See also Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009) ("in cases involving claims 'that can be, and [are] often, made in any case,' the judge may properly rely on his or her knowledge of the record and may permissibly forgo a full hearing and instead request letters, documentary evidence, and affidavits to aid in its resolution of the claim."); Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001) (rather than conduct a hearing, "[i]t may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits." (quoting Raines v. United States, 423 F.2d 526, 529–30 (4th Cir.1970) (footnote omitted))). Thus, it is permissible for the Court to rely on the government's sentencing memorandum—a letter pre-dating the filing of the 2255 Motion—in its consideration of the circumstances of the offense. That is particularly the case here, where the assertions in the government's memorandum largely match those in the PSR, were uncontested at sentencing, and were consistent with the sentencing judge's findings of fact, as discussed further below.[2]

Additionally, as the Court notes in the March 17 Order, either the PSR or the sentencing court's acceptance of the proffered information could provide an independent basis to determine the background of this case. The PSR and Judge Gleeson's findings are consistent with the government's sentencing letter, and the government does not object to the Court relying on those materials, as well as the guilty plea transcript, in lieu of the government's sentencing memorandum. Indeed, the PSR details, inter alia, the defendant's meetings with high level leaders of AQAP in Yemen (PSR ¶ 5) and his agreement with such leaders to recruit others to AQAP (PSR ¶ 10). Importantly, as set forth in the government's opposition to the 2255 Motion,

---

[1] See SECT 2255 Rule 7 (West), also available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure (last accessed March 23, 2021).

[2] As directed by the Court, the government conferred with counsel as to whether the defendant would stipulate to the facts in the government's sentencing memorandum. While counsel acknowledges that the defendant did not object to those facts at sentencing, the defendant declines to stipulate to those facts now, since he is presently claiming "actual innocence" in his 2255 Motion.

the defendant stated at sentencing that he had sufficient time to review the PSR with counsel, and counsel stated that there was no objection to the PSR. (Exhibit A at 2:15-3:9). For the Court's convenience, the government attaches versions of the government's opposition memoranda with parallel citations to the relevant paragraphs in the PSR.[3] See Exhibits B and C.

Furthermore, at sentencing, the Honorable Judge Gleeson adopted facts consistent with those set forth in the government's sentencing memorandum. Specifically, Judge Gleeson noted that the defendant "sought out and joined [AQAP]" (Ex. A at 31:8-9), "was aware that this was a terrorist group that was willing and indeed determined to attack Americans and Europeans in their homelands" (id. at 31:13-15), was the "real deal when it came to terrorists" having met with "the highest level of people in AQAP" (id. at 31:24-322), "lent his talents in the efforts to recruit terrorists" and "agreed to recruit others" (id. at 32:2-4), and "engaged in weapons training" (id. at 32:3-4). Of note, Judge Gleeson further reasoned that "based on the facts available, . . . it's likely [the defendant] was asked to do more than just simply return to Nigeria and recruit a few folks." (Id. at 32:6-8.) These findings of fact summarize and are consistent with those set forth in the government's memorandum.

Finally, the government notes that while Section 2255 – and case law interpreting it – permits consideration of the government's sentencing letter, the government has not identified authority that as clearly establishes the scope of the record for purposes of the defendant's 3582 Motion. However, it is evident that motions for compassionate release are not an opportunity to relitigate issues determined by the sentencing court. See United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) ("[A] compassionate-release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision."); United States v. Ebbers, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) ("It would be improper to rely upon circumstances falling outside the limited ones stated in the statute's sentence-reduction provisions to . . . justify compassionate release). Nor is Section 3582 a vehicle to challenge previously determined aspects of the defendant's conviction or sentence. See United States v. Musgraves, No. 20-2702, 2021 WL 945092, at *2 (7th Cir. Mar. 12, 2021) ("Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction."); United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) (affirming dismissal of compassionate release motion that challenged the defendant's sentence because a "post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."); cf. United States v. Mock, 612 F.3d 133, 135 (2d Cir. 2010) ("[N]either the district court nor [the Second Circuit] is free to address, in a proceeding pursuant to 18 U.S.C. § 3582(c)(2), defendant's arguments regarding procedural errors at his original, now-final sentencing."). For those reasons, in assessing the defendant's 3582 Motion, the Court should adopt the background information set forth in the PSR and by Judge Gleeson at sentencing, regardless of any contrary facts asserted by the

---

[3] There are certain citations to the government's sentencing memorandum that contain additional detail not found in the PSR, including (1) that the defendant took an "oath of allegiance" to AQAP, (2) details regarding the defendant's writing and editorial assistance to Inspire magazine and drafting of English rap lyrics about jihad, and (3) that the defendant's "original goal" in arriving in Yemen was to stay and fight with AQAP in that country. (Sentencing Memorandum at 3-5.)

defendant in his 2255 Motion.  See Ebbers, 432 F. Supp. 3d at 429 (noting that "a subsequent court may not substitute its own assessment of the section 3553(a) factors for the sentencing court's.").  As noted above, the government has no objection to the Court's relying on the PSR and Judge Gleeson's findings in lieu of the government's sentencing memorandum to ascertain the background regarding the offense.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:    /s/                       
Sarah M. Evans
Assistant U.S. Attorney
(718) 254-6490

cc: Matthew Galluzzo, Esq. (by ECF)